**STONE LAW GROUP, PLC**
Shawn L. Stone, Bar No. 23558
Mallory Powers, Bar No. 30384
3030 N. 3rd Street, Suite 200
Phoenix AZ 85012
Tel: (602) 264-0500 / Fax: (602) 264-0501
slstone@stonelawaz.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| KELLY RUCKER,<br><br>                    Plaintiff,<br><br>      vs.<br><br>CENTRAL CREDIT SERVICES, LLC, a<br>Florida Corporation,<br><br>                    Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1.      This action arises under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.

Background On The Fair Debt Collection Practices Act

2.      In enacting the Fair Debt Collection Practices Act in the 1970s (hereinafter "FDCPA"), the United States Congress made findings of fact that the use of abusive, deceptive, and unfair debt collection practices by many debt collectors were contributing to a number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  *See* 15 U.S.C. 1692(a).  Congress further found that existing laws and procedures for

redressing these injuries are inadequate to protect consumers. *See* 15 U.S.C. 1692(b). Additionally, Congress found abusive debt collection practices were carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. See 15 U.S.C. 1692(d). Congress stated its purpose in enacting the FDCPA was to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

United States Bureau Of Consumer Financial Protection Finds Illegal Debt Collection Equally Harmful To Both Consumers and "Law Abiding" Debt Collectors

3.     In October of 2012, the United States Bureau of Consumer Financial Protection, or CFPB, made findings that debt collection is a multi-billion-dollar industry that directly affects a large number of consumers.  The CFPB found that in 2012, approximately 30 million individuals, or 14 percent of American adults who have credit reports, had debt that was subject to the collections process.  The CFPB further found that by the collection of consumer debt, collectors reduce creditors' losses from non-repayment and thereby help to keep credit accessible and more affordable to consumers.  But, the CFPB found that debt collection performed in illegal ways has the potential to cause consumers substantial harm.  If collectors falsely represent amounts owed, consumers may pay debts they do not owe simply to stop collection efforts or because they are unsure how much they owe.  In addition, consumers may unintentionally yield their rights, such as by waiving the statute of limitations on debt claims for which the relevant limit periods have

expired.  Whether or not consumers owe and are liable for the debts collectors are attempting to recover, unlawful collection practices can cause significant reputational damage, invade personal privacy, and inflict emotional distress.   Among the possible consequences, a collector's inappropriate interference with a consumer's employment relationships can also impair the consumer's ability to repay debts.  *See* Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

4.     Of interesting note, the CFPB made findings that Federal consumer financial law promotes fair competition in the debt collection marketplace.  To the extent that unfair, deceptive, or abusive practices increase collectors' rate of recovery on debts subject to collection, debt collectors that avoid such practices could be at a competitive disadvantage. By placing important parameters on debt collection activities, the FDCPA was meant in part to ensure that those that refrain from improper practices in debt collection are not thereby competitively disadvantaged. See Footnote 26 to Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

## JURISDICTION & VENUE

5.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

6.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

7.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant corporation transacts business here.

**PARTIES**

8.      Plaintiff, Kelly Rucker ("Rucker"), is a natural person who resides in the City of Peoria, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.      Defendant, Central Credit Services, LLC, ("Central Credit") a Florida Corporation, is a collection agency operating from an address of 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida 32225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10.      About November 2014, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a 6-month gym membership with Gold's Gym.

11.      Upon information, about February 2015, Gold's Gym was acquired by EOS Fitness.

12.      Upon information, EOS Fitness is associated/affiliated with Fitness Alliance, LLC.

13.      About May 2015, Plaintiff satisfied her 6-month commitment to Gold's Gym and terminated her membership.

14.      Sometime prior to July 13, 2015, a debt allegedly owed by Plaintiff was consigned, placed or otherwise transferred to Defendant Central Credit for collection from Plaintiff; thereafter, Plaintiff received collection communications from Defendant in an attempt to collect this alleged debt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15.     In July 2015, Plaintiff received a letter from Defendant Central Credit in an effort to collect the alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16.     Said letter demanded $204,100.00 allegedly owed to Fitness Alliance, LLC (copy attached as Exhibit A).

## TRIAL BY JURY

17.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     The foregoing acts and omissions of the Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692f and 1692f(1), amongst others.

20.     As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of no less than $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

DATED: October 19, 2015.

STONE LAW GROUP, PLC

/ s / Shawn L. Stone

_____

By:    Shawn L. Stone
       Mallory Powers
       Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND DECLARATION

I, Kelly Rucker, declare under penalty of perjury that the following facts are true and correct to the best of our knowledge, information and belief:

1.      I am the Plaintiff in this civil proceeding against Central Credit Services, LLC.

2.      I have read the civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.      I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5.      I file this civil Complaint in good faith and solely for the purposes set forth in it.

Date: Oct. 18, 2015          Kelly Rucker
                             Kelly Rucker

# Exhibit A

Dept 673
PO Box 4115
Concord, CA 94524

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

July 13, 2015

Address Service Requested

|||||||||||||||||||||||||||||||||||||||||||||||||||||
KELLY RUCKER

Redacted

**Account Details**
Reference #: 9785D2
Balance Due: $204100
Statement Date: July 13, 2015
Collector #: 1-877-793-9485

Office Hours (CT):
Monday - Thursday 7:00 A.M. - 8:00 P.M.
Friday 7:00 A.M. - 5:00 P.M.
Saturday - 8:00 A.M. - 12:00 P.M.

**CENTRAL CREDIT SERVICES LLC**
PO BOX 1850
ST CHARLES MO  63302
||||||||||||||||||||||||||||||||||||||||||||||||||||||

***Detach Upper Portion and Return with Payment***

---

## How Can We Help You?

Your account has been assigned to Central Credit Services for collections on behalf of the creditor listed below, regarding the amount that is now owed. Central Credit Services would like to resolve this matter.

Please use one of the payment option listed below:
1) Detach the upper portion of this letter and return with payment using the enclosed envelope. OR
2) Please contact our office at **1-877-793-9485** to explore the options that are available to you. OR
3) Pay online at http://www.portal.ccscollect.com using your PIN # 970028, OR
4) You may use any of the following services to pay:

| WESTERN | QUICK |
|---------|-------|
| UNION   | COLLECT· |

         CHECK BY PHONE
                                                    is ACCEPTED

Sincerely,
Central Credit Services
20 Corporate Hills Dr
St Charles, MO 63301
Collector # 1-877-793-9485

NOTICE: The preceding information does not affect your rights set forth below.
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector. Calls to or from this company may be monitored or recorded.

| Creditor | Account# | Current Balance |
|----------|----------|-----------------|
| 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 | FITNESS ALLIANCE | 170.66 |

Balance Due.................> $204100

Our office is open Monday - Thursday 7:00 A.M. - 8:00 P.M., Friday 7:00 A.M. - 5:00 P.M., Saturday - 8:00 A.M. - 12:00 P.M. CT
NOTICE:  SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

PCGA-0713-620024213 1282